42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PENDLETON INSURANCE, ANGUILLA, a company chartered in
Anguilla, British West Indies; Datalink
Management, Inc., a Colorado
corporation, Plaintiffs-Appellees,
v.
Vish SHAH, also known as Vishwa Shah, also known as Sanu
Shah, also known as V. Shan, Defendant-Appellant,
and
Aurora Investment Trust, Ltd., a Liberian company, Defendant.
 No. 94-1156.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 Both parties waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted on the briefs.
 
 
 2
 Pendleton Insurance, Anguilla, and Datalink Management, Inc. (plaintiffs) brought a diversity action against Vishwa Shah and Aurora Investment Trust, a corporation owned or controlled by Mr. Shah, to recover $360,000 transferred to Mr. Shah and/or Aurora. Plaintiffs sued, inter alia, for conversion, breach of contract, and breach of fiduciary duty. The court granted plaintiffs' motion for default judgment against Mr. Shah for failure to appear for a settlement conference and for failure to comply with previously issued orders. Mr. Shah appeals and we affirm.[1]
 
 
 3
 Mr. Shah, who has appeared pro se throughout these proceedings, began his problems by failing to appear at a pretrial conference pursuant to Fed.R.Civ.P. 16. The court awarded plaintiffs attorneys fees, continued the conference, and warned Mr. Shah that if he did not appear next time, a motion for default judgment would be entertained. At the rescheduled conference, Mr. Shah appeared by phone and was ordered to participate in the preparation of a scheduling and discovery order. Plaintiffs subsequently moved for a default judgment against Mr. Shah, alleging that he failed to comply with this order. The court ordered entry of a notice of default upon determining that no scheduling order had been prepared. When Mr. Shah failed to appear at a scheduled settlement conference, the presiding magistrate judge recommended that default judgment be entered against him. Although Mr. Shah filed written objections to the recommendation, it was adopted by the district court after a hearing.
 
 
 4
 On appeal, Mr. Shah alleges that plaintiffs' motion for default was premature because it was made before the scheduling order was due, that he was not provided an opportunity to be heard on the motion, and that he should not be sanctioned for failing to attend the settlement conference because the notice of default had already been entered. We address these contentions in turn.
 
 
 5
 Mr. Shah contends that plaintiffs' motion for default judgment was premature because it was filed before the scheduling order was due. On July 15, 1993, at a discovery/scheduling conference, the trial court ordered a stipulated scheduling order prepared by August 1. In addition, however, the court ordered Mr. Shah to contact plaintiffs' counsel on July 16 and to cooperate in the preparation of this order. Plaintiffs' motion for default, filed July 21, 1993, set out the problems they encountered in attempting unsuccessfully to obtain Mr. Shah's cooperation. On July 28, after Mr. Shah denied receiving this motion, plaintiffs filed an amended motion for default, reciting that Mr. Shah had still supplied no information with regard to the proposed stipulation. No order was ever filed. On July 28, the court directed entry of a notice of default against Mr. Shah for failure to follow court orders. Under these circumstances, Mr. Shah's argument that plaintiffs' motion was premature is clearly specious. Mr. Shah was ordered to cooperate in preparing the order beginning July 16. Plaintiffs' motion for default and the court's entry of notice of default were predicated on Mr. Shah's continuing failure to cooperate as ordered. The actual date upon which the order was due is simply irrelevant, particularly when no order was ever produced.
 
 
 6
 Mr. Shah's argument that he was denied the opportunity to be heard on the motion is flatly contradicted by the record. On July 29, Mr. Shah filed an affidavit in opposition to the entry of default. Moreover, a settlement conference was held on August 11, at which Mr. Shah could have been heard on the motion had he chosen to attend. The magistrate's recommendation that default judgment be granted against Mr. Shah specifically informed Mr. Shah that he could file written objections to the recommendation, and Mr. Shah did so. A hearing was held on the magistrate's recommendation on March 10, 1994, which Mr. Shah failed to attend. Given this sequence of events, Mr. Shah's allegation that he had no opportunity to be heard is utterly without merit.
 
 
 7
 Finally, we address Mr. Shah's contention that he should not be sanctioned for failing to attend the August 11 settlement conference because his physical appearance was moot under the circumstances. We disagree.
 
 
 8
 The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders.... Fed.R.Civ.P. 37(b)(2), (d). The court may also impose sanctions on a party or party's attorney who fails to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f). Our review of such sanctions is governed by the abuse of discretion standard in the totality of the circumstances.
 
 
 9
 Because a default judgment is a harsh sanction, due process requires that "failure" is a sufficient ground only when it is the result of "wilfullness, bad faith, or [some] fault of petitioner" rather than inability to comply. We have defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."
 
 
 10
 M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir.1987) (citations omitted). Rule 16(f) specifically provides that if a party does not appear at a scheduling or pretrial conference, the judge may enter sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(C), which authorizes entry of a default judgment. Mr. Shah recognizes that the prior entry of the notice of default was not the equivalent of a default judgment, and that a settlement conference was to be held at the hearing. Accordingly, the court did not abuse its discretion in basing the entry of default judgment in part on Mr. Shah's failure to attend the settlement conference.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Default judgment was also entered against Aurora Investments; however, only Mr. Shah has appealed. See rec., vol. I, doc. 38